**WO**

# IN THE UNITED STATES DISTRICT COURT
# FOR THE DISTRICT OF ARIZONA

| | |
|---|---|
| Raymond Dwayne Turner,<br><br>　　　　Plaintiff,<br><br>v.<br><br>Preston Allred, et al.,<br><br>　　　　Defendants. | No. CV-22-00179-TUC-CKJ<br><br>**ORDER** |

Plaintiff filed this action on April 13, 2022. He challenges the Graham County Detention Center policy of not accepting forwarded legal mail for courtesy hold inmates. He alleges he was a courtesy hold inmate for Gila County, was transferred to the detention center on March 10, 2022, and did not receive his legal mail while he was held at the detention center.

On November 17, 2022, the Court issued a case management scheduling Order (Doc. 25) that gave Defendants 30 days to file a motion for summary judgment regarding any failure by Plaintiff to exhaust administrative remedies. On November 28, 2022, Plaintiff filed a Motion for Extension of Time to Complete Discovery (Doc. 26) because, due to transfers between different detention facilities, as of October 13, 2022, he did not have access to legal materials that were still in route to his final destination ASPC-Yuma Cheyenne Unit. Likewise, the Defendant sought an extension of time to file a Motion for Summary Judgment Re: Exhaustion because Plaintiff failed to respond to a First Set of Interrogatories, Requests for Admission, and Requests for Production "propounded to

confirm that Plaintiff failed to exhaust his administrative remedies in preparation of moving for summary judgment on this basis." (Motion (Doc. 28) at 1.)

The Court granted both extensions of time and ordered the Defendant to check with the prison and file a status report when it anticipated Plaintiff would have access to his legal materials and, in the event of continued delay, to propose alternatives available for the case to move forward at least to resolve the question of exhaustion.

The Defendant filed the Status Report which reflects that as of December 3, 2022, ASPC-Yuma (Cheyenne Unit) received a box for Plaintiff through statewide property reroutes" and issued the box to Plaintiff. (Status Report (Doc. 31) at 2.) The Plaintiff, however, continues to claim that he is still missing "legal paperwork." *Id., see also* (Motion for Extension of Time (90 days) to Complete Discovery by [Plaintiff] (Doc. 32)).

Plaintiff asserts he cannot proceed without his legal materials to complete discovery. Defendant argues that Plaintiff can respond to the propounded discovery based on his memory.

The Court notes that exhaustion of administrative remedies related to the claims raised in this case would have to have been undertaken between March 10, 2022, and April 13, 2022. The Court agrees that Plaintiff shall answer the propounded discovery based on his recollections, in the event he does not have copies of grievances filed over this approximately 30 days. The Court notes that the Arizona Department of Corrections keeps an official record of all grievances, and Defendant shall proceed on that record if it has not already done so. The Court shall rely on the official record in resolving the exhaustion question unless Plaintiff can provide evidence that it is incomplete. To go forward with this litigation in the event Plaintiff survives the exhaustion challenge, he shall identify what specific documents are missing from his legal materials that are

/////
/////
/////
/////

relevant to prove the claims alleged here and necessary to prosecute this case. The Court will only order further investigation into alleged missing legal files upon such specificity.

**Accordingly,**

**IT IS ORDERED** that the Plaintiff's Motion for Extension of Time (Doc. 32) is GRANTED IN PART AND DENIED IN PART as to its length.

**IT IS FURTHER ORDERED** that Plaintiff shall have 14 days to complete the discovery that was propounded by Defendant and shall expressly state when his answers are based only on his recall. He shall respond completely to the maximum extent possible to "Request for Production No. 2: Produce any and all documents evidencing your attempts to exhaust GCJ's administrative remedies for the allegations contained in your First Amended Complaint." NO FURTHER EXTENSIONS OF TIME SHALL BE GRANTED for Plaintiff to complete this discovery.

**IT IS FURTHER ORDERED** that the Motion for Summary Judgment Re: Exhaustion shall rely on the official record as it exists for grievances filed by the Plaintiff between March 10 and April 13, 2022. A copy of that record shall be provided to the Plaintiff in advance or simultaneously to Defendant filing the Motion for Summary Judgment Re: Exhaustion.

**IT IS FURTHER ORDERED** that the Motion for Summary Judgment Re: Exhaustion shall be filed no later than March 1, 2023. NO FURTHER EXTENSIONS OF TIME SHALL BE GRANTED.

**IT IS FURTHER ORDERED** that the Plaintiff shall have 30 days to file a Response to the Motion for Summary Judgment Re: Exhaustion; Defendant may have 14 days to file a Reply.

Dated this 10th day of January, 2023.

_____
Honorable Cindy K. Jorgenson
United States District Judge