**WO**

IN THE UNITED STATES DISTRICT COURT

FOR THE DISTRICT OF ARIZONA

| | |
|---|---|
| Raymond Dwayne Turner, | No. CV-22-00179-TUC-CKJ |
| Plaintiff, | **ORDER** |
| v. | |
| Preston Allred, et al., | |
| Defendants. | |

The Court denies Defendant's Motion to Dismiss for Lack of Prosecution for failing to comply with discovery rules or a court order. Dismissal is the most extreme sanction and warranted only in the most extreme circumstances. The Court always favors disposition of its cases on the merits. (Motion to Dismiss (MD) (Doc. 37) at 4-5 (citing *Henderson v. Duncan*, 779 F.2d 1421, 2423-24 (9th Cir. 1986)). To determine whether a case should be dismissed for failure to prosecute, the Court weighs five factors: "'1) the public's interest in expeditious resolution of litigation; 2) the court's need to manage its docket; 3) the risk of prejudice to the defendants; the public policy favoring disposition of cases on the merits, and 5) the availability of less drastic sanctions.'" *Id.* at 4 (quoting *Carey v. King*, 856 F.2d 1439, 1440 (9th Cir. 1988)).

The Court rejects the Defendant's argument that the Plaintiff has failed to prosecute this case. Plaintiff has filed several motions alleging that his legal materials were lost when he was transferred between facilities. He has filed a document of his responses to interrogatories. This is not a scenario where Plaintiff filed a complaint and then went silent,

failing to appear and file responsive briefs. The last such filing was on January 30, 2023, when Plaintiff filed a request for this Court to Order ASPC Alhambra, Morey, and Cheyenne to provide chain-of-custody documents regarding his property, which seems contrary to Defendant's assertion that Plaintiff's one-box of legal materials was located and returned to Plaintiff on December 3, 2022. *See* Status Report (Doc. 31).

According to the Plaintiff, he is still missing legal materials. *Id.* (reporting this status as of December 14, 2022, meeting between Plaintiff and COII Flores; no additional property for Plaintiff being held by any ADCRR department). The chain-of-custody documents from ASPC would reflect the legal materials assigned to Plaintiff at the initiation of the transfer that were boxed up and being sent to ASPC-Yuma, in comparison to the legal materials turned over to Plaintiff at ASPC-Yuma. The Defendant suggests that this Court cannot order ADCRR to provide the chain-of-custody documents because it is not a party to this action and, therefore, this Court lacks jurisdiction to issue such an order. Perhaps, but as it did before, the Court instead orders Defendant to obtain the chain-of-custody documents from ADCRR and file them with the Court. *See* Fed R. Civ. P. 30(a) (Defendant may depose any person, including a nonparty, to obtain relevant evidence).[1] While the parties may proceed now regarding exhaustion as explained below without resolving the issue of whether he has access to his legal documents, this issue will have to be resolved if the case is not disposed of on the question of exhaustion.

Also, the Court rejects the Defendant's argument that the Plaintiff failed to respond to discovery requests propounded to him. While it is true that the Plaintiff's responses do not conform to discovery rules,[2] and he did not respond to Requests for Admissions, he did respond to Interrogatories. *See* (Plaintiff Response to Defendant's Interrogatories (Doc. 35)).

---

[1] The Court is not suggesting this avenue but offers it as an example; the Court does not believe such efforts will be required to obtain the chain-of-custody documents from ADCRR.

[2] Parties should not file the actual discovery disclosures with the Court, just the notices of disclosure. LR Civ.5.2.

The Court concludes that the issues of nonconformance are not so great as to warrant dismissal of the action, at least not now when Defendant's asserted need for discovery relates to the question of exhaustion. *See* (MD (Doc. 37) at 3-4.) Defendant argues, "because Plaintiff failed to respond to Defendant's Requests for Production, Defendant has no documents regarding Plaintiff's attempts to grieve and it remains unknown whether any exist." There are several flaws with this argument.

As noted by the Defendant, the Plaintiff has explained that he was a "courtesy hold" at Defendant Graham County Jail for nonparty Gila County Jail. According to Plaintiff, he inquired how to file a grievance related to Graham County Jail's policy to not accept forwarded mail from Gila County Jail because it prevented him from receiving communications relevant to criminal proceedings. This is the allegation made here. He alleges that he was told to file grievances with Graham County Jail, which he alleges he did. Plus, he also filed multiple complaints with other sources, like the ACLU and Judge Timothy Wright, Gila County Superior Court. He also alleges he filed grievances at the Gila County Jail, including one filed on 4-4-22. (Response Re: Exhaustion (Doc. 36) at 2.) Defendant must secure the grievance history for Plaintiff from Gila County Jail. The Court understands that Gila County Jail is not a party to this action.

This Court made it expressly clear that the question of exhaustion would be based on official records as exist for grievances filed by the Plaintiff between March 10 and April13, 2022. (Order (Doc. 33) at 2-3.) It is simply not true that the Defendant has no documents regarding Plaintiff's grievance history, except to the extent Defendants have chosen to not compile the record. It exists as grievances filed at either Graham County Jail or Gila County Jail. If his status at Graham County Jail, as a courtesy hold for Gila County Jail, required him to file grievances at Gila County Jail, then that is the relevant record for proving the affirmative defense regarding exhaustion. There is no assertion that he filed any grievances at Graham County Jail, accordingly, the Defendants shall obtain the record for any grievances filed by the Plaintiff at Gila County Jail.

To the extent, Defendant needs authorization from the Plaintiff to secure documents that are not in the possession of the Graham County Jail, such as those in the possession of the Gila County Jail, the Defendant may need the Plaintiff to grant them authority to obtain such records. If so, and if Defendant requests such authorization, the Plaintiff shall be required to provide it. His failure to provide such authorization would subject him to sanctions, which may include dismissal of his case.

The Court does not hesitate to place the burden on the Defendant to compile this record because exhaustion under the Prison Litigation Reform Act of 1995, § 101(a), 42 U.S.C.A. § 1997e(a), is an affirmative defense that must be pled and proved by a defendant. *Albino v. Baca*, 747 F.3d 1162, 1168 (9th Cir. 2014) (citing *Jones v. Bock*, 549 U.S. 199 (2007).

**Accordingly,**

**IT IS ORDERED** that the Motion to Dismiss (Doc. 37) is DENIED.

**IT IS FURTHER ORDERED** that the Motion to Order ASPC-Yuma (Cheyenne Unit) to Produce the chain-of-custody log reflecting the legal materials being transferred with Plaintiff (Doc. 34) is DENIED as moot.

**IT IS FURTHER ORDERED** that the Defendants shall obtain the chain-of-custody log and file it with the Court as a supplement to the Status Report (Doc. 31).

**IT IS FURTHER ORDERED** that in the event this action is not dismissed based on exhaustion, the Defendants shall arrange a telephonic meet and confer with Plaintiff through his CSO to explain the procedural aspects of answering discovery before seeking judicial assistance in securing answers to propounded discovery. LRCiv. 7.2(j).

Dated this 21st day of February, 2023.

Honorable Cindy K. Jorgenson
United States District Judge