**WO**

# IN THE UNITED STATES DISTRICT COURT

# FOR THE DISTRICT OF ARIZONA

| | |
|---|---|
| Raymond Dwayne Turner, | No. CV-22-00179-TUC-CKJ |
| Plaintiff, | **ORDER** |
| v. | |
| Preston Allred, et al., | |
| Defendants. | |

This Court screened the Plaintiff's First Amended Complaint (FAC (Doc. 18)), dismissed the claims against the various Defendants, except for the official capacity claim against Defendant Allred, and ordered Defendant Allred to answer the Complaint. (Order (Doc. 20)).

The First Amended Complaint raises a claim under the Fourteenth Amendment Due Process Clause regarding Plaintiff's mail. He alleges he was transferred on March 10, 2022, to the Graham County Detention Center as a "courtesy hold" for the Gila County Jail. He contends the administrator of the Gila County Jail forwarded Plaintiff's discovery materials in his criminal case, which included the police report, grand jury indictment, and plea agreement, to the Graham County Detention Center, but it had a policy of not accepting forwarded legal mail for courtesy hold inmates. Allegedly, the Plaintiff did not know of this policy until he was taken to the Gila County Jail on April 11, 2022, for a video court appearance, when he discovered that his legal mail had been held by Gila County Jail officials. Because of this, he "'was not aware that he had been indicted by the Gila County

1   Grand Jury,'" and this "'frustrated, impeded, and hindered [his] efforts to challenge the
2   Grand Jury indictment in a timely fashion.'" *Id.* at 3 (quoting FAC)).

3       On March 1, 2023, the Defendant moved for Summary Judgment because the
4   Plaintiff failed to exhaust available administrative remedies. On March 3, 2023, the Court
5   issued a Notice to the Plaintiff explaining his obligations under Rule 56 of the Federal
6   Rules of Civil Procedure to respond to the Motion for Summary Judgment and of the
7   consequences for failing to file a response, including the Local Rules of Practice for the
8   United States District Court of Arizona (Local Rules), Civil Procedure, Local Rule 7.2(i)
9   for summarily granting the motion in final disposition of his case. (Order (Doc. 42)). The
10  Plaintiff's Response to the Motion for Summary Judgment was due on April 13, 2023.
11  Plaintiff has not filed a Response. Accordingly, the dispositive motion is subject to
12  summarily being granted pursuant to Local Rule 7.2(e)(1) and granted on the merits.

13      Under Rule 7.2(i) of this Court's Local Rules of Practice, a failure to file a
14  responsive pleading may be deemed consent to the motion, and this Court may dispose of
15  the motion summarily. "A motion for summary judgment cannot be granted simply because
16  the opposing party violated a local rule." *Marshall v. Gates*, 44 F.3d 722, 725 (9th Cir.
17  1995) (citing *Henry v. Gill Industries Inc.,* 983 F.2d 943, 950 (9th Cir. 1993)). This is so
18  because a party may oppose a motion for summary judgment without offering affidavits or
19  any other materials in support of its opposition. "'Summary judgment may be resisted and
20  must be denied on no other grounds than that the movant has failed to meet its burden of
21  demonstrating the absence of triable issues.'" *Id.* at 106 (quoting *Henry,* 983 F.2d at 950).
22  *See also, Heinemann v. Satterberg,* 731 F.3d 914, (9th Cir. 2013) (directing court to follow
23  Fed. R. Civ. P. 56(e) when opposing party fails to respond to fact asserted in a motion for
24  summary judgment). This is especially true, here, because the Motion for Summary
25  Judgment asserts the affirmative defense of exhaustion. See (Order (Doc.39)at 4
26  (explaining exhaustion is an affirmative defense that must be pled and proved by a
27  defendant) (citation omitted).

28

When a party opposing summary judgment fails to properly support an assertion of fact or fails to properly address another party's assertion of fact, the court may: 1) provide an opportunity to properly support or address the fact; 2) consider the fact undisputed for purposes of the motion; grant summary judgment if the motion and supporting materials— including the facts considered undisputed—show that the movant is entitled to it, or 4) issue any other appropriate order. Fed. R. Civ. P. 56(e).

The Court has reviewed the Motion for Summary Judgment, wherein Defendants present evidence that the administrative records for both Graham County Detention Center and Gila County Jail have been reviewed and those records reflect that the Plaintiff did not file any relevant inmate grievance or grievance appeal during the relevant time frame: March 10, 2022, when he entered the Graham County facility and April 13, 2022, when he filed this action. *See* (Ex. 1: Kell Decl. (Doc. 41-1) (finding no relevant prisoner grievance filed at Gila County Jail; Gila County Inmate Grievance Procedures and Policy); (Ex. 2: Salazar Decl. (Doc. 41-2) (same for Graham County Adult Detention Facility).

The Prison Litigation Reform Act requires an inmate to exhaust available administrative remedies before filing an action in federal court. 42 U.S.C. § 1997e(a); *Vaden v. Summerhill*, 449 F.3d 1047, 1050 (9th Cir. 2006*); Brown v. Valoff*, 422 F.3d 926,934-35 (9th Cir. 2005). The inmate must complete the administrative review process in accordance with the applicable rules, *Woodford v. Ngo*, 548 U.S. 81, 92 (2006), including the prison facility's "administrative review process in accordance with the applicable procedural rules, including deadlines," *id.* at 90-91. The exhaustion requirement applies to all suits about prison life, including those challenging prison conditions under 42 U.S.C. § 1983, *Porter v. Nussle*, 534 U.S. 516, 523 (2002), regardless of the type of relief offered through the administrative process, *Booth v. Churner*, 532 U.S. 731, 741 (2001). Exhaustion is a prerequisite to suit and cannot be waived on grounds of futility, inadequacy, default or for lack of being "plain, speedy, and effective." *Booth v. Churner*, 532 U.S. 731, 739-741 (2001); *Porter*, 534 U.S. at 524.

- 3 -

1
2
3
4
5
6
7
8
9
10
11
12
13
14
15
16
17
18
19
20
21
22
23
24
25
26
27
28

The Court has reviewed the First Amended Complaint and considered the merits of the Motion for Summary Judgment and finds that summarily granting the motion is warranted. The motion and statement of facts show that both facilities, Graham County Adult Detention Facility and Gila County Jail, had readily available procedures for prisoners to submit complaints, including informal and formal, grievances. Prisoners were informed of these procedures, and the record reflects that Plaintiff in fact used these procedures relevant to other issues and grievances but did not file a grievance regarding the mail issues he raises in this case. Simply put, the undisputed facts reflect that the Plaintiff failed to administratively exhaust the claim he alleges in the First Amended Complaint.

Additionally, the Plaintiff failed, after being given a second chance to respond to the Defendant's discovery, to answer the Requests for Admissions. See (Order (Doc. 33) (granting extension of time for Plaintiff to complete discovery propounded by Defendant); (P Response to Interrogatories (Doc. 35)). "A matter is admitted unless, within 30 days after being served, the party to whom the request is directed serves on the requesting party a written answer or objection addressed to the matter and signed by the party or its attorney." Fed. R. Civ. P. 36(a)(3). The Plaintiff failed to respond the Defendant's Request for Admission No. 1 asking that he admit or deny that he failed to exhaust his administrative remedies with respect to the claims alleged in the FAC. The Court, accordingly, finds this fact is admitted: Plaintiff did not exhaust his administrative claims related to the issues raised in the First Amended Complaint.

The Court finds that the Plaintiff has failed to properly support an assertion of fact and failed to properly address Defendant's assertion that he failed to exhaust administrative remedies for the claims he brings in this action. The Court, therefore, considers this fact undisputed for purposes of the motion. The motion (Doc. 40) and supporting materials (Doc. 41), including and considering this fact as undisputed, show that the Defendant is entitled to summary judgment because this action is barred by the Plaintiff's failure to administratively exhaust his claims prior to filing this action.

1

2          **Accordingly,**

3          **IT IS ORDERED** that the Motion for Summary Judgment (Doc. 40) is
GRANTED.

4          **IT IS FURTHER ORDERED** that the Clerk of the Court shall enter Judgment
5   accordingly.

6          **IT IS FURTHER ORDERED** that the docket shall reflect that the Court certifies,
7   pursuant to 28 U.S.C. § 1915(a)(3) and Federal Rules of Appellate Procedure 24(a)(3)(A),
8   that any appeal of this decision would not be taken in good faith.

9          Dated this 9th day of May, 2023.

10

11

12

13                              _____
                                Honorable Cindy K. Jorgenson
14                              United States District Judge

15

16

17

18

19

20

21

22

23

24

25

26

27

28